UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PHILIP C. BELLFY,                                  Case No.    2:23-cv-00051

             Plaintiff,                              Hon. Paul L. Maloney
                                    U.S. District Judge

     v.

MICHAEL T. EDWARDS, et al.,

             Defendants.

_____/

**<u>REPORT AND RECOMMENDATION</u>**

## I.  Introduction

This Report and Recommendation (R&R) addresses the following motions:

1. Chief Judge Fabry's motion to dismiss or alternatively for a more definite statement (ECF No. 8),

2. Defendant Edwards's motion to dismiss (ECF No. 10),

3. Plaintiff Bellfy's motion to strike Defendants' motions[1] (ECF No. 15),

4. Plaintiff Bellfy's motion for judgment on the pleadings (ECF No. 25),

5. Defendant Edwards's motion for sanctions (ECF No. 29), and

6. Plaintiff Bellfy's motion for summary judgment (ECF No. 31).

*Pro se* Plaintiff Philip C. Bellfy filed the complaint in this case against Chief Judge Jocelyn K. Fabry of the Sault Ste. Marie Tribe of Chippewa Indians ("the Sault Tribe"), and Attorney Michael T. Edwards, legal counsel for the Sault Tribe's Election Commission.   (ECF No. 1.)   Bellfy says that he filed an election challenge in the

_____

[1]     On the Electronic Court Filing (ECF) system, this motion is called a motion for summary judgment.

Sault Tribe's trial court on December 16, 2021.   (*Id.*, PageId.1.)   Bellfy says that Defendants conspired against him by failing to provide him with proper notice of a hearing and the Zoom link necessary to attend the hearing.   (*Id.*)   The case, which Bellfy brought as a lay advocate on behalf of his clients, was dismissed.

It is respectfully recommended that the Court grant the Defendants' motions to dismiss and dismiss the complaint.   First, Bellfy has failed to demonstrate that he has standing to pursue this lawsuit.   Second, Bellfy is not an attorney and may not represent others in the U.S. District Court.   Third, Chief Judge Fabry is entitled to judicial immunity.   Fourth, this Court lacks subject matter jurisdiction over the claims raised in Bellfy's complaint.   Fifth, the complaint fails to state a claim upon which relief may be granted.

Finally, it is recommended that the Court deny Bellfy's motions to strike all Defendants' motions, for judgment on the pleadings, and for summary judgment.   If the Court accepts this recommendation, this case will be dismissed.

## II.   Facts

Bellfy's complaint asserts violations of the Fourteenth Amendment under both the Due Process Clause and the Equal Protection Clause of the U.S. Constitution. (ECF No. 1, PageID.2.)   Bellfy says that Defendants violated his rights and the rights of his 30,000-plus clients, who are all Sault Tribe members, by not providing notice of a hearing. (*Id.*)   Bellfy seeks $1,000,000 in damages from Defendants' personal funds, and further penalties under Title 18, United States Code, Section 242. (*Id.*)   That is basically the totality of Bellfy's allegations in his two-page

complaint.    Defendants' dispositive motions fill in the remaining gaps and provide the rest of the story.

Starting in 2018, Bellfy was an authorized lay advocate in the Sault Ste. Marie Chippewa Tribal court. (ECF No. 11-12, PageID.158-159.)    A lay advocate is not an attorney, but the Sault Tribe allows lay advocates to practice in the tribal court in a similar manner as an attorney. (*Id.*, PageID.158.)    As a lay advocate, Bellfy filed three cases on behalf of clients in the tribal court. (*Id.*, PageID.159.)    The tribal court's dismissal of Bellfy's most recent case provides the basis for this lawsuit. (*Id.*)

Bellfy filed *John Does, et al, v. Election Committee, et al.*, in the tribal court. Unfortunately, that case did not proceed in the manner Bellfy expected.    Defendant Edwards, who is an attorney, was hired to represent the defendants in that lawsuit. Defendant Edwards filed a motion for summary judgment which was set for a hearing on March 1, 2022.    Bellfy says that Defendants failed to provide him with proper notice of the motion for summary judgment hearing.[2]

Defendant Chief Judge Fabry issued an order granting the motion for summary judgment on March 3, 2022.    The Order states, in part, the following:

---

[2]    Defendant Edwards says that he sent Bellfy a Notice of Hearing with proof of service mailed on January 18, 2022, indicating that the hearing would take place on March 1, 2022.    Defendant Edwards attached a copy of that notice to his brief.    (ECF No. 11-4, PageID.88-89.)

This matter coming before the Court on Defendants' Motion for Summary Disposition, and Plaintiff having been properly noticed and failed to appear, and the Court having had the opportunity to review and consider Defendants' Motion, Plaintiffs' response and Defendants' reply and the Court being otherwise fully informed in the premises,

IT IS THEREFORE ORDERED that Defendants' Motion is hereby GRANTED for the reason that this Court lacks jurisdiction to address Plaintiffs' grievances as Defendants are cloaked with sovereign immunity.

So Ordered.

March 3, 2022                                  Hon. Jocelyn K. Fabry (P67806)

(ECF No. 11-7, PageID.133.)

After the March 3, 2022 ruling, Bellfy made several different filings in the tribal court.  That same day, Bellfy served a motion for expedited consideration, which responded to the arguments made in attorney Edwards's motion to dismiss. (ECF No. 11-8.)   The tribal court emailed Bellfy, stating "[a]attached is a courtesy copy of the Order granting Defendant's Motion for Summary Disposition after hearing yesterday.  This matter has now been closed and therefore, the attached motion cannot be accepted for filing." (ECF No. 11-9.)

4

On March 4, 2022, Bellfy emailed Tribal Appellate Judge Wichtman with attachments from the tribal court in his apparent attempt to file an appeal of Chief Judge Fabry's order dismissing the case:

> Judge Wichtman,
>
> I understand that this Appeal may not follow the Tribe's protocol, but, in all honesty, the Trial Court abandoned protocol from the very first day that this Complaint was filed.
>
> Also, in all honesty, I have no expectation that the Appeal Court will overturn the Court's Order of Dismissal and, and sign the attached Order.
>
> Lastly, given the election schedule, it is imperative that you make your decision immediately (see PPS, below).
>
> Phil Bellfy, PhD
>
> PS --I have not amended the attached filing --I feel that it is self-explanatory-- but, if you need more information, I'm sure the Trial Court, or I, can supply it to you.
>
> PPS --If I don't receive a response from you by the close of business on Monday, March 7, I'm going to assume that you consider the "case closed" and will act accordingly (invoke MI SC Rule 2.615(C)(a, b, & c)).
> --
> Lay Advocate, qualified and admitted to practice Tribal Law in the Courts of the Sault Ste. Marie Tribe of Chippewa Indians
> White Earth Anishnaabe
> Professor Emeritus of American Indian Studies, Michigan State University
>
> "I am tired of talk that comes to nothing. It makes my heart sick when I remember all the good words and all the broken promises."  Chief Joseph (Hin-mah-too-yah-lat-kekt), Nez Perce leader.

(ECF No. 11-10, PageID.144.)  Then on March 7, 2022, Bellfy gave Chief Judge Fabry a letter marked "Personal and Confidential", which stated the following:

Once upon a time, there was a Judge who was confronted by two Orders, simultaneously. Signing one would require her to commit perjury, and, additionally, the substance of that Order is legally indefensible. Furthermore, by signing that Order, she would be acting in direct conflict with her Oath of Office, and her Lawyer's Oath, and, most importantly, in violation of the Supremacy Clause of the US Constitution. If she signed this Order, she would, therefore, be putting her job and her law license in jeopardy. At the same time, signing the other Order is mandated by those same Oaths and, again, most importantly, mandated by the Supremacy Clause and legal precedent. She could resolve this legal, moral, and professional dilemma by vacating the perjured Order, and signing the other.

(ECF No. 11-11, PageID.155.)

As a result of Bellfy's letter, on March 9, 2022, Judge Fabry issued Administrative Order 22-01 Revoking Bellfy's Admission to Practice. (ECF No. 11-12.) The Judge explained:

6

Mr. Bellfy was initially admitted to practice in our Tribal Court in 2018. He has filed three civil cases in this court, *Hodge, et al v. Shell Canada Products, LTD, et al*, Case No. BR-20-01; *Trevor MacLeod, et al v. Sault Ste. Marie Tribe of Chippewa Indians*, Case No. GCV-20-01; and *John Does, et al v. Election Committee, et al.*, Case No. GCV-2021-02. Most recently, this Court dismissed *Does v. Election Committee*, granting the Defendant's Motion to Dismiss on its merits. Lay Advocate Bellfy did not appear on behalf of his clients at the motion hearing. On March 3, 2022, he indicated via e-mail that he was filing for reconsideration. On March 4, 2022, he directly e-mailed the Court of Appeals indicating that his appeal "may not follow the tribe's protocol." The Court has also become aware that Lay Advocate Bellfy is actively issuing subpoenas in Case No. GCV-20-01, which has been dismissed and closed by this court since January 15, 2021. These are just some of Mr. Bellfy's actions that indicate a misunderstanding of the procedures of the Court, if not a direct defiance of procedural rules.

Most importantly, however, as it relates to Lay Advocate Bellfy's ability to practice in Tribal Court, on March 7, 2022, he hand-delivered the attached letter to the Tribal Court, personally giving it to the Court Clerk. As the envelope indicates, it was addressed to me in my official capacity as Tribal Court Judge and marked "Personal and Confidential."

The very submission of the letter, as well as its content, speaks for itself. It plainly smacks of the disrespect and harassment of our Tribal justice system. It demonstrates that Mr. Bellfy does not understand the appropriate procedures in Tribal Court or structure and function of the Court. §87.110(1)(g),(h). Most importantly, such a letter, hand-delivered to a Court for a judge, containing threats and innuendo, absolutely flies in the face of the ethical obligations that lay advocates must abide by.

This Court respects and finds great value in the ability of lay advocates to represent the membership in Tribal Court. It allows tribal members more access to our justice system, and lay advocates can bring in a unique and specific perspectives for the Court's consideration. Many lay advocates have done that in our Tribal Court, and have assisted with the proper administration of justice. Mr. Bellfy is not one of those lay advocates. He took an oath upon his admission that he would "maintain the respect due the courts of the Sault Ste. Marie Tribe of Chippewa Indians and Judicial Officers" and that he would "in all other respects conduct [himself] personally and professionally in conformity with the high standards of conduct imposed on members of the bar

as conditions for the privilege to practice as a lay advocate in this Court." Mr. Bellfy is not abiding by his oath.

Therefore, the Court FINDS that Philip C. Bellfy no longer meets the criteria for admission to practice in the Sault Ste. Marie Chippewa Tribal Court as a lay advocate and ORDERS that his admission to practice is revoked, effective immediately. The Court interprets the Code to afford a current lay advocate or attorney the same opportunity upon revocation of an admission to practice as it would for an initial denial. § 87.103(3). Therefore, Mr. Bellfy may submit a response to the Court in writing within the next twenty days if he so chooses.

IT IS SO ORDERED.

March 9, 2022

Jocelyn K. Fabry, Chief Judge

(*Id.*, PageID.159-160.)

### III.   Motion to Dismiss Standard

The Federal Rules provide that a claim may be dismissed for "failure to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).   To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).    Put differently, if plaintiffs do "not nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual

allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  Those factual allegations "must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (internal citations omitted).  "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein."  *Id.*

Furthermore, it should be noted that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.   It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994).  It is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008).

If the Court determines that it lacks subject matter jurisdiction "at any time", then it must dismiss the case.   Fed. R. Civ. P. 12(h)(3).   In general, claims against the United States are barred by sovereign immunity and may be dismissed under Fed. R. Civ. P. 12(b)(1) due to lack of subject matter jurisdiction if no exception exists allowing a plaintiff to sue the federal government.   Rule 12(b) provides that: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.   But a party may assert the following defenses by motion: (1) lack of subject matter jurisdiction . . . ." Fed. R. Civ. P. 12(b)(1).

As the plaintiff in this case, Bellfy bears the burden of establishing that this Court has jurisdiction.   *Peterson v. City of Grand Rapids*, 182 F. Supp. 3d 750, 753 (W.D. Mich. 2016) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1996)).

Plaintiff is proceeding *pro se*.   As such, his pleadings are subject to less stringent standards than those prepared by attorneys.   *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972).

## IV. Analysis

### A. Judicial Immunity

Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted);

*Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).   Absolute judicial immunity may be overcome in only two instances.   First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it").   Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12; *Bright v. Gallia Cnty.*, 753 F.3d 639, 649 (6th Cir. 2014) (recognizing the difference between an "excess of jurisdiction and the clear absence of all jurisdiction over the subject matter[,]" and noting that only the latter deprives a judge of judicial immunity).

Judicial immunity applies to tribal judges.   *Sandman v. Dakota*, 816 F. Supp. 448, 452 (W.D. Mich. 1992) (finding that judicial immunity applies to tribal judges for actions taken in their judicial capacity and an action for damages may only be brought against the judge where the conduct was taken in clear absence of jurisdiction).

Chief Judge Fabry was clearly acting within her judicial capacity when she entered the March 3, 2020, order dismissing *John Does, et al, v. Election Committee, et al.,* due to sovereign immunity.   Accordingly, Chief Judge Fabry is entitled to absolute judicial immunity.

### B. Standing and Pro Se Representation of Others in Federal Lawsuit

The Court must consider whether Plaintiff has standing in this case and his ability to represent others in federal court.  "Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte.*"  *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007)

First, for a plaintiff to invoke federal jurisdiction to bring suit in the federal courts, he must demonstrate standing.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561–62 (1992); *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004).  Standing is central to the "case-or-controversy" requirement associated with Article III of the Constitution.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  Plaintiff has the burden of demonstrating that he (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable decision.  *Id.*

Bellfy has not shown that he suffered an injury in fact based upon Chief Judge Fabry's March 3, 2022, order dismissing *John Does, et al, v. Election Committee, et al.*, because the tribal court "lack[ed] jurisdiction to address Plaintiff's grievances as Defendants are cloaked with sovereign immunity."  (ECF No. 11-7, PageID.133 (Judge Fabry's order granting defendants' motion for summary judgment in tribal court).)  Bellfy is not one of the named parties in the underlying lawsuit in tribal court.  (*See* ECF No. 11-2, PageID.66 (Bellfy's original complaint in tribal court); ECF No. 11-5, PageID.92-98 (amended complaint).)  The case caption for his original complaint in tribal court identifies John Does, Jane Does and all enrolled members

of the Sault Tribe.   (*Id.*)   The original complaint then notes that the plaintiffs wish to remain anonymous.   The amended complaint in tribal court lists one individual member of the Sault Tribe – Jacob Wolf – but does not list Bellfy as a plaintiff.   In addition, an email associated with the amended complaint indicates that Bellfy is a member of the White Earth Anishinaabeg.   (ECF No. 11-5, PageID.91.)   Thus, the record before the Court fails to show that Bellfy was one of the plaintiffs in the election challenge case before the tribal court and fails to show that he suffered an injury in fact.

Second, since Bellfy is not one of the plaintiffs in the underlying lawsuit, the harm that he alleges in his complaint in the instant case relates solely to his role as an advocate for others.   He specifically refers to a violation of the constitutional rights on his "clients (about 30,000 Sault Tribe members)."   (ECF No. 1, PageID.2.) The gist of the instant case is that Bellfy did not receive proper notice of a hearing in tribal court on a defense motion for summary judgment.   (*Id.*)   As the lay advocate, any injury that arose from Bellfy not receiving proper notice of the hearing would be to Bellfy's clients – the plaintiffs identified in the original and amended complaints in *John Does, et al, v. Election Committee, et al.* – not to Bellfy.   Thus, the claims made in this lawsuit fail to show that Bellfy suffered an injury in fact.

Furthermore, Bellfy may not represent those plaintiffs in federal court.   Bellfy is not an attorney.   This Court does not allow non-attorney *pro se* plaintiffs to represent other parties.   Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel.   28

U.S.C. § 1654.   That statute provides that, "in all courts of the United States, the parties may plead and conduct *their own cases* personally or by counsel, as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."   28 U.S.C. § 1654 (emphasis added).   The statute clearly makes no provision for a *pro se* party to represent others.

The federal courts have long held that Section 1654 preserves a party's right to proceed *pro se*, but only with respect to his own claims.   Only a licensed attorney may represent other persons.   *Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969).   In this case, Bellfy cannot represent the plaintiffs in *John Does, et al, v. Election Committee, et al.,* and he has failed to show that he has standing to pursue a claim based upon the dismissal of *John Does, et al, v. Election Committee, et al.,* against Defendants in this Court.

Accordingly, the undersigned concludes that Plaintiff Bellfy has failed to establish standing to litigate this case on his own behalf, and he is not authorized to represent others.

### C.   Attorney Edwards

Bellfy alleges that Defendant Edwards conspired against him depriving him of his Fourteenth Amendment due process and equal protection rights by failing to notice him for the tribal court hearing.   (ECF No. 1, PageID.2.)   Initially, it first must be noted that Defendant Edwards is not a state actor, but a private attorney licensed to practice in the State of Michigan.   A plaintiff alleging a violation of a

right secured by the federal Constitution or laws must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). For a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Bellfy does not allege in his complaint that Defendant Edwards was a state actor. Second, Defendant Edwards mailed a copy of the Notice of Hearing to Bellfy, and Judge Fabry's order does not indicate that the case was dismissed because Bellfy did not attend the hearing.

Defendant Edwards argues that other than mailing the Notice of Hearing to Bellfy's address, he owed no other duty to Bellfy. In general, under Michigan law an attorney does not owe a duty of care to his client's adversary. *Friedman v. Dozorc*, 412 Mich. 1, 23 (1981). Such a duty would place an attorney in a difficult position and necessarily interfere with the attorney-client relationship. *Morgan v. Sun Trust Mortgage*, 2011 WL 2690151, at *2 (W.D. Mich., July 5, 2011). Only under the rarest of circumstances could a duty exist in instances where an adverse party can show that a special relationship existed between opposing parties causing their interests

to merge and thereby eliminating a potential conflict of interest. *Id.*    That is not the case here.

In this case, Defendant Edwards filed a motion in tribal court to dismiss the underlying case.    It is undisputed that Bellfy received a copy of the motion to dismiss.    Edwards also sent to Bellfy, via mail, a Notice of Hearing and a Proof of Service.    Defendant Edwards did everything that he was supposed to do on behalf of his own clients.    Bellfy says that he did not receive proper notice of the hearing on the motion to dismiss.    But Bellfy has not shown that was Defendant Edwards's fault.    There is simply no basis for Bellfy to sue Defendant Edwards in this action.

Although Bellfy has asserted that Defendant Edwards conspired with Chief Judge Fabry to deny him notice of the hearing, Bellfy has failed to plead specific facts which could support his conspiracy claims.    It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts are insufficient. *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984).    While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555.    Bellfy has presented no facts that arguably set forth a claim that attorney Edwards and Chief Judge Fabry conspired against him or even against his clients.

The undersigned concludes that Bellfy's conspiracy claim fails to state a claim upon which relief may be granted.

### D. Fourteenth Amendment

Bellfy asserts that Defendants violated his Fourteenth Amendment rights by not providing him proper notice of the motion to dismiss hearing in *John Does, et al, v. Election Committee, et al.* Bellfy's claim necessarily fails. The Fourteenth Amendment does not apply to Tribes or to tribal court proceedings. "[T]he Constitution's limits on government action do not generally apply to Indian tribes." *Lesperance v. Sault Ste. Marie Tribe of Chippewa Indians*, 259 F. Supp. 3d 713, 724 (W.D. Mich. 2017). "The Bill of Rights and the Fourteenth Amendment do not of their own force apply to Indian tribes." *Kelsey v. Pope*, 809 F.3d 849, 863 (6th Cir. 2016). While some provisions of the Bill of Rights may be brought in federal court through the Indian Civil Rights Act, the federal remedy is limited to a writ of habeas corpus. *Id. (citing Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 61-62 (1978). Bellfy's argument that his Fourteenth Amendment rights were violated when he failed to receive proper notice of the motion to dismiss hearing in *John Does, et al, v. Election Committee, et al.,* is not an actionable claim because the Fourteenth Amendment does not apply to the actions of the tribal court.

### E.   Title 17, United States Code, Section 242

Bellfy's asks for the Court to impose a penalty or fine under 18 U.S.C. § 242. (ECF No. 1, PageID.2.)   That statute provides:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his

color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

18 U.S.C. § 242.    First, Bellfy has brought a civil action, and this is a criminal statute that has no application in this case.    Second, it follows that since the Fourteenth Amendment cannot apply in this case, neither can a criminal statute that is based upon a violation of the Constitution.    *Kelsey*, 809 F.3d at 863.    Third, a private citizen cannot initiate a criminal proceeding because only state and federal prosecutors have the authority to initiate a criminal complaint. *Linda R.S. v. Richard*, 410 U.S. 614, 19 (1973); *Kafele v. Frank & Wooldridge Co*, 108 Fed. Appx. 307, 308-309 (2004).    Fourth, 18 U.S.C. § 242 provides no right to a private cause of action for a civil remedy.    Finally, Bellfy has failed to show that he is entitled to any relief under this statute.

### F. Rooker-Feldman Analogy

This Court lacks jurisdiction under *Rooker-Feldman* because Bellfy is asking this Court to review the decision of the tribal court.    Although Bellfy claims that he was denied proper notice of the motion to dismiss hearing, he still could not proceed in this Court. *See Lesperance*, 259 F. Supp.3d at 723 (applying a Rooker-Feldman Analogy to the tribal court's decisions).    Federal courts do not "readjudicate

questions—whether of federal, state or tribal law—already resolved in tribal court absent a finding that the tribal court lacked jurisdiction or that its judgment be denied on comity for some other valid reason." *AT & T Corp. v. Coeur d'Alene Tribe*, 295 F.3d 899, 904 (9th Cir. 2002). *See also Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 19 (1987) ("Unless a federal court determines that the Tribal Court lacked jurisdiction, however, proper deference to the tribal court system precludes relitigation of issues raised by the [plaintiff's claim] and resolved in the Tribal Courts.")

This principle is analogous to the *Rooker-Feldman* doctrine based on 28 U.S.C. § 1257, which grants the Supreme Court jurisdiction to review the decisions of the highest state courts for compliance with the Constitution. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 467 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Under the doctrine, "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). Thus, "[t]he Rooker-Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance*, 546 U.S. at 460 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

An Indian tribe is "a separate sovereign, and the same respect should be afforded to tribal courts." *Lesperance*, 259 F. Supp. 3d. at 724, (*citing Santa Clara*

*Pueblo*, 436 U.S. at 65).   So the proper course action was for Bellfy to file an appeal from Chief Judge Fabry's decision in the tribal appellate court, and not to file this action, which is essentially asking this Court to overturn Chief Judge Fabry's ruling dismissing *John Does, et al, v. Election Committee, et al.,* based on Sovereign Immunity grounds. [3]   Bellfy is understandably upset by the revocation of his privilege to practice as a lay advocate in the tribal court.   While that is not the subject matter of this complaint, that might be the reason that Bellfy turned to this Court rather than to the tribal appellate court.   Once he lost his ability to practice in the tribal courts, he could no longer represent his clients.   But it is the plaintiffs in *John Does, et al, v. Election Committee, et al.,* who lost in the tribal court, and they are the ones who must appeal the matter under tribal procedures.

### IV.   Bellfy's Motions to Strike, for Judgment on the Pleadings, and for Summary Judgment

Bellfy filed a motion to strike all Defendants' motions and for judgment on the pleadings under Fed. R. Civ. P. 12(c)[4] in his favor.   Bellfy's motions argue that it is undisputed that he failed to receive proper notice of the motion to dismiss hearing and the Zoom link which would have allowed him to attend the hearing.   As explained above, even if that is the case, this Court does not have jurisdiction to entertain this complaint.   The recourse was to follow tribal procedure and appeal Chief Judge Fabry's decision to the tribal appellate court.

---

[3]    Bellfy's complaint ignores the fact that the case was dismissed on Sovereign Immunity grounds and not because he failed to attend the motion to dismiss hearing.

[4]    The same standards that apply to a Rule 12(b) motion apply to a Rule 12(c) motion.

Bellfy has completely failed to support his motion for summary judgment with any factual evidence.   It is Bellfy's burden to support his case, not by allegations, but by evidence establishing that "is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).   In the opinion of the undersigned, Bellfy has failed in his burden of establishing that there exists no genuine of issue material fact entitling him to relief. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005).

In the opinion of the undersigned, Bellfy's motions should be denied.

## VI.   Defendant Edwards's motion for Rule 11 Sanctions

Defendant Edwards moves for Rule 11 sanctions against Bellfy in the amount of $5,750.00. [5]   Bellfy has not responded to Defendant Edwards's motion for sanctions.   Edwards moves under Fed. R. Civ. P. 11(b) for sanctions.   Rule 11(b) provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)    it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[5]    Edwards says that this is the amount of fees and costs expended through 7/31/23 and does not include fees incurred after that date.   Edwards requests additional sanctions for fees incurred after 7/31/23.

(2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)    the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

After notice and a reasonable opportunity to respond, the Court may impose appropriate sanctions for a Rule 11(b) violation.    Fed. R. Civ. P. 11(c)(1).    The motion must be made separate from any other motion and must describe the specific Rule 11(b) violation.    Fed. R. Civ. P. 11(c)(2).    The motion must first be served on the party before filing with the Court, to allow the challenged claim or contention to be withdrawn within 21 days or another time set by the Court.    *Id.*    The Court may award to the prevailing party reasonable expenses, including attorney fees.    *Id.* The sanction imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."    Fed. R. Civ. P. 11(c)(4).

"The purpose of sanctions is to deter the abuse of the legal process."    *Merritt v. International Assoc. of Machinists and Aerospace Workers*, 613 F.3d 609, 626    (6th Cir. 2010).    The standard requires an objective determination of reasonableness at the time a pleading is filed.    *Id.*    A party or counsel must inquire into both the facts and law before making the decision to file the complaint or pleading.    *Id.*

In the opinion of the undersigned, a reasonable inquiry prior to filing the complaint in this matter should have allowed Bellfy to determine that the claims he

22

asserted against Defendant Edwards were unwarranted under existing law or by a nonfrivolous argument for extending existing law. *Cruz v. Don Pancho Market, LLC*, 171 F.Supp.3d 657, 666-668 (W.D. Mich. 2016).

For the reasons stated above, sanctions under Rule 11 are appropriate. As explained, Bellfy lacks standing to bring this lawsuit; the Fourteenth Amendment is not applicable in this case; and Bellfy's claims lack any merit and are frivolous.

Defendants Edwards acknowledges that Bellfy is acting *pro se*, in this matter but nevertheless argues that Bellfy is an experienced lay advocate who served the tribal court until his removal from that position.  (ECF No. 29, PageID408-409). The undersigned recognizes that being an experienced lay advocate in tribal court is not the equivalent of being an experienced litigant in federal courts, nor does this role establish that the lay advocate has even a rudimentary understanding of litigation practice or federal civil procedure.   The rules and procedures in tribal court are not like the rules and procedures in federal court.   Thus, the federal courts do not allow lay advocates.   Only attorneys licensed to practice before this Court may represent others.   Although Bellfy may believe that he was treated unfairly in the tribal court, he should have made a reasonable inquiry into the law before he filed this federal lawsuit.   If he had made a reasonably inquiry, he should have reached the conclusion that the federal court could not provide him with any relief.   Certainly, after Defendant Edwards filed his motion to dismiss, Bellfy should have determined that his claims lacked merit in federal court.   Unfortunately, he did not make that

connection and he continued to litigate what can only be described as frivolous claims in this Court.

In the opinion of the undersigned, sanctions are appropriate.  Sanctions, however, should be limited to what suffices to deter and should not bankrupt the offending party.  *Cruz*, at 668.  In the opinion of the undersigned, sanctions in the amount of $1,500 payable to Defendant Edwards, are sufficient to deter future unreasonable filings by Bellfy and others similarly situated.

## VII.  Recommendation

It is respectfully recommended that the Court grant Defendants' motions to dismiss and deny Plaintiff's motion to strike, motion for judgment on the pleadings, and motion for summary judgment.

It is respectfully recommended that the Court dismiss this case.

It is further recommended that the Court grant Defendant Edwards's motion for Rule 11 sanctions and sanction Bellfy in the amount of $1,500.00 payable to Defendant Edwards.


Dated:    October 17, 2023                    /s/ *Maarten Vermaat*
                                             MAARTEN VERMAAT
                                             U.S. MAGISTRATE JUDGE


NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).