UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| PHILIP C. BELLFY, | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:23-cv-51 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| MICHAEL T. EDWARDS, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Philip Bellfy filed this lawsuit against two defendants: (1) Jocelyn Fabry, a Tribal Court Judge and (2) Michael Edwards, a private attorney hired by the Election Committee of the Sault Ste. Marie Tribe of Chippewa Indians. Defendants filed separate motions to dismiss (ECF Nos. 8 and 10). Plaintiff filed a motion to strike Defendants' motions (ECF No. 15) and a motion for judgment on the pleadings (ECF No. 25). Defendant Edwards filed a motion for sanctions (ECF No. 29). Plaintiff filed a motion for summary judgment (ECF No. 31).

The Magistrate Judge issued a comprehensive report and recommendation addressing each of the motions (ECF No. 34). The report summarizes the background giving rise to this lawsuit and the arguments advanced by the parties in their motions. Plaintiff filed objections (ECF No. 35). The Court will adopt the report and recommendation and will grant Defendants' motions and deny Plaintiff's motions.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and

recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

    1. The Magistrate Judge finds that Defendant Fabry enjoys absolute judicial immunity. Plaintiff does not specifically address this particular finding and recommendation.

    2. The Magistrate Judge finds that Plaintiff lacks standing to maintain this lawsuit. The injury giving rise to this lawsuit occurred as part of an election challenge filed in the tribal courts by Plaintiff on behalf of tribal members. The Magistrate Judge concludes that Plaintiff's clients, not Plaintiff, suffered the alleged injury. Plaintiff does not specifically address this particular finding and recommendation.

    3. The Magistrate Judge finds that Plaintiff cannot bring a Fourteenth Amendment claim against Defendant Edwards because Edwards was not a state actor. The Magistrate Judge finds that Plaintiff does not state a claim against Edwards based on Edward's alleged failure to send Plaintiff notice of a hearing. The Magistrate Judge also finds that Plaintiff fails to plead his conspiracy claim with the specificity required by law.

    Plaintiff objects to any finding that Defendants sent Plaintiff a notice of hearing. Plaintiff's objection here does not address the specific reasons why his Fourteenth Amendment and conspiracy claims fail against Defendant Edwards. Plaintiff's objection here does not provide the Court any reason to modify or reject the R&R.

4. The Magistrate Judge finds that Plaintiff cannot seek any relief under 18 U.S.C. § 242, which does not create a private cause of action. Plaintiff does not address this particular finding and recommendation.

5. The Magistrate Judge finds that this Court lacks jurisdiction to the extent that Plaintiff asks this Court to review the underlying decision issued in tribal court action. The Magistrate Judge concludes that Plaintiff should have filed an appeal within the tribal court system. Plaintiff does not specifically address this particular finding and recommendation.

6. The Magistrate Judge recommends that this Court deny Plaintiff's motion to strike, motion for judgment on the pleadings, and motion for summary judgment. The Magistrate Judge explains that even if Plaintiff is correct that Defendants failed to provide him proper notice of the hearing, this Court lacks jurisdiction over this federal lawsuit. The Magistrate Judge also finds that Plaintiff failed to support his motion for summary judgment with any evidence and, as a result, recommends the Court deny that motion. Plaintiff does not specifically address these findings and the resulting recommendations

7. The Magistrate Judge finds that Defendant Edwards properly followed Rule 11 and recommends that this Court grant Edwards' motion for sanctions. The Magistrate Judge concludes that a $1,500 sanction would be appropriate under the circumstances.

Plaintiff objects. Plaintiff reasons that it cannot be true that he both failed to state a claim and that he should be sanctioned for making a claim. Plaintiff suggests this Court dismiss the lawsuit and deny the motion for sanctions.

The Court overrules Plaintiff's objection. The Court disagrees with Plaintiff's characterization of the situation. Defendants' motions coherently explain why, even

Plaintiff's allegations are true, Plaintiff could not obtain any relief in this lawsuit (judicial immunity, standing, no cause of action under the amendment or the statute). The motion for sanctions becomes relevant when, after being informed of the legal problems with his claims against Defendant Edwards, Plaintiff declined to withdraw those claims.

Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 343).

The Court **GRANTS (1)** Defendant Fabry's motion to dismiss (ECF No. 8), (2) Defendant Edwards' motion to dismiss (ECF No. 10) and (3) Defendant Edwards' motion for sanctions (ECF No. 29). The Court **ORDERS** Plaintiff to pay Defendant Edwards $1,500 as a Rule 11 sanction.

The Court **DENIES** (1) Plaintiff's motion to strike (ECF No. 15), (2) Plaintiff's motion for judgment on the pleadings (ECF No. 25) and (3) Plaintiff's motion for summary judgment (ECF No. 31).

**IT IS SO ORDERED.**

Date:   November 9, 2023                                  /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         United States District Judge